**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RAFAEL ANTONIO SERRATO, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:93-CR-430-ODE-JSA |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-1871-ODE-JSA |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant Rafael Antonio Serrato has filed the instant motion to vacate

pursuant to 28 U.S.C. § 2255.  (Doc. 292).  Movant seeks to withdraw his guilty

plea and vacate his sixty-four month sentence imposed in this Court.  (*Id.*).  The

Government has filed a response, and argues that this Court does not have

jurisdiction to consider the § 2255 motion.  (Doc. 274).  For the following reasons,

the undersigned recommends that the instant § 2255 motion be dismissed.

I.      Procedural History

On June 28, 1994, Movant entered a guilty plea in the Northern District of

Georgia to conspiracy to possess with the intent to distribute controlled substances

in violation of 21 U.S.C. § 846.  (Docs. 80, 194).  On January 25, 1995, Movant

was sentenced to sixty-four months of imprisonment to be followed by five years

of supervised release.  (Doc. 227).  Movant did not file a direct appeal of his convictions or sentences.

Movant filed a § 2255 motion to vacate his sentence on November 6, 1995, which this Court denied on March 18, 1996.  (Docs. 251, 254).  Movant appealed that denial to the Eleventh Circuit, which dismissed the appeal on December 26, 1996.  (Doc. 262).  In the interim, on July 29, 1996, Movant filed a motion for relief of judgment pursuant to Fed. R. Civ. P. 60 [Doc. 259], which was denied on April 28, 2003.  (*See* Docket).[1]

Movant filed the instant § 2255 motion to vacate his sentence on June 12, 2014.  (Doc. 292).  Movant concedes that he has filed the instant motion outside the one-year limitation period contained in 28 U.S.C. § 2255(f), but seeks to equitably toll that period based on changes in immigration laws after he was convicted and sentenced, as well as "overall exceptional circumstances surrounding his case that affected his legal situation."  (Doc. 292 at 2). Respondent argues that this Court has no subject matter jurisdiction over the instant § 2255 motion.  This Court agrees.

_____

[1] It is not clear from the docket why the motion was ruled upon seven years after it was filed.

2

II.    Discussion

    A.    This Court Does Not Have Jurisdiction Over This § 2255 Motion.

        1.    Petitioner Is Not "In Custody" Under The Relevant Sentence.

It is undisputed that when he filed the instant § 2255 motion Movant had not been in federal custody on the relevant conviction for nearly fifteen years and that his sentence had expired almost a decade earlier.  (Doc. 292 at 4, 8; Doc. 294 at 5).  Only a prisoner "*in custody* under sentence of a [federal] court," however, may file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255 (emphasis added); *see also Maleng v. Cook*, 490 U.S. 488, 490, 492 (1989) (noting federal habeas "in custody" requirement, 28 U.S.C. § 2241(c)(3), and holding that a habeas petitioner does not remain "in custody" under a conviction after the imposed sentence has fully expired).

Because Movant no longer was in federal custody when he filed his § 2255 motion, this Court lacks jurisdiction to entertain it.  *See Chardez v. United States*, __ U.S. __, 133 S. Ct. 1103, 1106 n.1 (2013) (noting that a person cannot seek habeas relief under § 2255 if he is no longer in custody); *Llovera v. Florida*, 576 F. App'x 894, 897 (11th Cir. 2014) (stating that the "in custody" requirement is

AO 72A
(Rev.8/82)

jurisdictional);[2] *Birotte v. Secretary for the Dep't of Corr.*, 236 F. App'x 577, 578 (11th Cir. 2007) ("where a petitioner's sentence has fully expired, he does not meet the 'in custody' requirement'); *Triplett v. United States*, Nos. 1:11-cv-4459-CAP-AJB; 1:02-cr-718-CAP-AJB-1; 2012 WL 4362774, at *3 (N.D.Ga. Aug. 29, 2012) ("Because Movant was no longer in federal custody when he filed his § 2255 motion, this Court lacks jurisdiction to entertain the motion."), *report and recommendation adopted by Tripplett v. United States*, Nos. 1:11-cv-4459-CAP-AJB; 1:02-cr-718-CAP-AJB-1*, 2012 WL 4344609 (N.D. Ga. Sept. 21, 2012), *aff'd*, *United States v. Triplett*, 551 F. App'x 472 (11th Cir. 2013).   Thus, this petition should be dismissed for lack of subject matter jurisdiction.

---

[2] Both *Llovera* and *Birotte* involved habeas petitions under § 2254; however, "there can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254." *Davis v. United States*, 417 U.S. 333, 344 (1974); *see also Dassouba v. United States*, No. 12-2257 (MLC), 2014 WL 546341, at *2 (D. N.J. Feb. 10, 2014) (stating that the "'in custody' requirement is required for subject matter jurisdiction under both 28 U.S.C. § 2255(a) ('Section 2255') for federal court convictions, and 28 U.S.C. § 2254(a) ('Section 2254' for state court convictions.").

4

2.      The Petition Is Successive

A federal prisoner whose prior § 2255 motion was denied on the merits may

not pursue relief under § 2255 again in the federal district court without first

obtaining authorization from the relevant court of appeals.  *See* 28 U.S.C.

§§ 2244(b), 2255(h); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999)

(noting that when a prior habeas petition has been dismissed with prejudice,

subsequent petitions are second or successive); *accord Campbell v. Secretary for

the Dep't of Corr.*, 370 F. App'x 5, 8 n.2 (11th Cir. 2010).  Because Movant

already filed a § 2255 motion in this Court and there is no indication that he has

obtained authorization from the Eleventh Circuit to file a second or successive

§ 2255 motion, this motion also must be dismissed for lack of jurisdiction for that

reason. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245,

1247 (11th Cir. 2004).

B.      The Motion Is Untimely

Even if this Court had jurisdiction or the instant motion was not

impermissibly successive, the instant motion is untimely.   Under the Anti-

Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners

AO 72A
(Rev.8/82)

must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four

specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2255(f).

Federal prisoners whose convictions became final prior to April 24, 1996,

would have had one year from the enactment of the AEDPA, or until April 23,

1997, in which to file their § 2255 motions. *Goodman v. United States*, 151 F.3d

1335, 1337 (11th Cir. 1998). Because Movant's convictions became final before

the AEDPA's effective date, therefore, the one-year limitation period did not begin

running until April 24, 1996, and Movant had until April 23, 1997, to file his

AO 72A
(Rev.8/82)

§ 2255 motion.  The instant motion, filed over seventeen years later on June 12, 2014, is well beyond the statutory time deadline.

Movant, however, asks that this Court apply equitable tolling based on changes in immigration laws after he was convicted and sentenced, as well as "overall exceptional circumstances surrounding his case that affected his legal situation." (Doc. 292 at 2).  One of the changes in immigration law to which he refers is the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRAIRA"), which eliminated discretionary relief from deportation when an alien was convicted of an aggravated felony or similar crimes.  (*See id.* at 3-4).  Movant further claims that the Supreme Court held in *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001), that such discretionary relief still remained available to those aliens, like Movant, who would have been eligible for relief at the time they entered their guilty plea even though their immigration proceedings commenced after Congress enacted the IRRAIRA.  (Doc. 292 at 5-6).  According to Movant, he could not utilize *St. Cyr*'s holding because he was no longer physically present in the United States.  (*Id.*).  The Court notes, however, that the Supreme Court issued its decision in *St. Cyr* in 2001, thirteen years before Movant filed the instant § 2255 motion.

AO 72A
(Rev.8/82)

While the one-year limitation period is subject to equitable tolling in appropriate cases, *Holland v. Florida*, 560 U.S. 631, 645 (2010), Movant is entitled to equitable tolling only if he demonstrates that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. *Id.* at 649; *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Having waited thirteen years from the *St. Cyr* decision to file this motion, Movant has failed to demonstrate that he has been pursuing his rights diligently.[3] Thus, equitable tolling is not warranted.

III.    Conclusion

**IT IS THEREFORE RECOMMENDED** that the instant § 2255 motion [Doc. 292] be **DISMISSED** for lack of jurisdiction or, in the alternative, as successive and/or untimely.

IV.    Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

---

[3] According to Movant, he returned to the United States illegally in 2002, and was again removed to Colombia in 2004. (Doc. 292 at 2). Movant provides no facts whatsoever as to how he diligently pursued relief in the decade since he was removed for the second time and when he filed the instant § 2255 motion.

AO 72A
(Rev.8/82)

adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."   *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that this Court does not have jurisdiction under § 2255 because

9

Movant is no longer "in custody," and/or that Movant needs to seek authorization from the Eleventh Circuit before filing the instant successive § 2255 motion, and/or that the instant § 2255 motion would be untimely and that equitable tolling does not apply. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 29th day of October, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)